UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| METAL MANAGEMENT, INC. and METAL | : | |
|---|---|---|
| MANAGEMENT CONNECTICUT, INC., | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-2004 (VLB) |
| MICHAEL SCHIAVONE, | : | |
|     Defendant. | : | September 13, 2007 |

### MEMORANDUM OF DECISION AND ORDER GRANTING THE PLAINTIFFS' MOTION FOR A DETERMINATION UNDER LOCAL RULE 83.13 [Doc. #28]

The plaintiffs, Metal Management, Inc. ("MMI") and Metal Management Connecticut, Inc. ("MMCT"), initiated this action against the defendant, Michael Schiavone ("Schiavone"), by applying for a prejudgment remedy and order pendente lite to secure their rights under a pending arbitration between the parties. The plaintiffs now move the court for a determination under Local Rule 83.13 that the law firm representing them is not required to terminate its appearance in this action. For the reasons hereinafter set forth the plaintiffs' motion is GRANTED and plaintiffs' counsel may continue its representation.

On July 1, 1998, MMI, MMCT[1], Schiavone and Joseph A. Schiavone Corp. ("JASC")[2] executed an Asset Purchase Agreement ("APA") under which MMCT

---

[1]In 1998, MMCT conducted business as 1MS Acquisition, Inc. For purposes of this discussion, references to MMCT include those instances where the company was named 1MS Acquisitions, Inc.

[2]In 1998, JASC conducted business as Michael Schiavone & Sons, Inc. For purposes of this discussion, references to JASC include those instances where

1

purchased from JASC a scrap metal recycling facility and associated real property. [Doc. #31, Ex. A] The Illinois based law firm of Mayer, Brown, Rowe & Maw LLP ("Mayer Brown")[3] represented the plaintiffs in completion of the APA.

Under the APA, Schiavone and JASC agree to indemnify the plaintiffs for any losses incurred or suffered resulting from a breach of the contract or misrepresentation therein. Article IV of the APA enumerates specific representations and warranties by Schiavone and JASC regarding the environmental standards utilized by the recycling plant and JASC's past compliance with environmental laws.

From March 1998 through June 2001, David Carpenter ("Carpenter") was employed by the plaintiffs, serving as Executive Vice President, Administration, Legal and Regulatory Affairs, General Counsel and Secretary for MMI, and Vice President of MMCT. [Doc. #28] Carpenter executed the APA on behalf of MMI and MMCT. In 2001, Carpenter left the plaintiffs to join Mayer Brown.

On May 8, 2003, the Connecticut Department of Environmental Protection ("CDEP") instituted an enforcement action in Connecticut Superior Court, Judicial District of Hartford, against MMCT, Schiavone and JASC, among others but not including MMI, alleging that the property was environmentally

---

the company was named Michael Schiavone & Sons, Inc.

[3]In 2002, the law firms of Mayer, Brown & Platt and Rowe & Maw merged to form Mayer Brown. For purposes of this discussion, references to Mayer Brown include those instances where legal representation of the plaintiffs was conducted by a firm currently incorporated into Mayer Brown before the merger.

contaminated in violation of the environmental laws.  See Rocque, Comm'r of Env. Prot. v. Schiavone, et al., Docket No. CV-03-0825384.  The CDEP enforcement action has caused the plaintiffs to incur the cost of defending the enforcement action and potentially exposes MMCT as the property's current owner to liability for JASC's conduct prior to transfer of ownership.

Mayer Brown represents MMCT in the CDEP action.  The plaintiffs also note that since completion of the APA, "Mayer Brown has worked extensively with environmental consultants, state representatives, and Schiavone's counsel concerning the property."  [Doc. #28]

On October 13, 2006, MMI and MMCT jointly filed a demand for arbitration in accordance with the APA alleging claims of breach of contract, fraudulent inducement and fraudulent concealment against Schiavone and JASC.  Mayer Brown represents the plaintiffs in the pending arbitration.

On December 15, 2006, MMI instituted this action by filing an application for a prejudgment remedy and order pendente lite against Michael Schiavone and JASC pursuant to Connecticut General Statutes § 52-422.  [Doc. #6]  On February 23, 2007, MMI amended its application to include MMCT as an additional plaintiff, and remove JASC as a defendant.  [Docs. #29-31]  Mayer Brown is acting as counsel to the plaintiffs in this action and several Illinois based Mayer Brown attorneys have been admitted pro hoc vice for that purpose.  Carpenter is not representing the plaintiffs in this action.

On February 7, 2007, Schiavone sent a letter to the court raising concerns

3

over Mayer Brown's representation of the plaintiffs in this action, claiming Carpenter "will be a material fact witness in this action." [Doc. #35, Ex. A] As such, Schiavone contends Local Rule 83.13 prohibits any and all Mayer Brown attorneys from appearing in this action.

On February 23, 2007, the plaintiffs filed the current motion for a determination under Local Rule 83.13 that Mayer Brown should not be disqualified from representing them before this court. [Doc. #28]

Local Rule 83.13(a) reads: "A lawyer shall not accept employment in contemplated or pending litigation if he or she *knows* or it is *obvious* that he or she or a lawyer in the same firm ought to be called as a witness." D. Conn. L. Civ. R. 83.13(a) (emphasis added).

This action is for a prejudgment remedy and is not a full trial on the merits of the plaintiffs' claims. See Benton v. Simpson, 78 Conn. App. 746, 751 (Conn. App. Ct. 2003) ("the hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim"). "Pursuant to [Connecticut's] prejudgment remedy statutes . . . the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits." Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 156 (Conn. 1991). "Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." New England Land Co. v. De Markey, 213 Conn. 612, 620 (Conn. 1990).

4

It is not obvious in this case that Carpenter ought to be called as a witness given the lesser, common sense burden of proof employed in prejudgment remedy proceedings. See Spaulding v. Compass Group USA, Inc., 2006 U.S. Dist. LEXIS 71939, at *3 (D. Conn. Oct. 3, 2006) (Local Rule 83.13(a) did not preclude a law firm's representation where facts supporting obviousness of attorney-witnesses testimony were disputed). The parties and their counsel in this case have accumulated evidence for a decade through preparation of the APA, defense of the CDEP enforcement action, investigation of the environmental condition of the property and possible remediation, and the pending arbitration.

While under various circumstances Carpenter's testimony could prove useful in these proceedings, it is not obvious that he will be needed as a witness given the abundance of evidence at the parties' disposal to prove probable cause. Schiavone has provided no reason why Carpenter's testimony and not any of the other resources available ought to be introduced at the hearing, let alone proving it obvious.[4]

Schiavone has put the plaintiffs on notice in the form of his February 7, 2007, letter to the court that he may call Carpenter as a witness at the probable cause hearing. Local Rule 83.13(b)(2) contemplates this very situation. "If . . . a

---

[4]Local Rule 83.13 applies to situations both where the attorney-witness actually makes an appearance in the action and is merely a member of a firm representing one of the parties. The court understandably holds attorneys of record that will testify to a more stringent standard than that of attorneys and witnesses employed by the same firm. See SEC v. Competitive Tech., Inc., 2006 U.S. Dist. LEXIS 85983, at *6, FN 2 (November 7, 2006) (Local Rule 83.13 prohibited lead attorney's testimony, but not that of other SEC staff attorneys).

5

lawyer learns or it is obvious that he or she or a lawyer in the same firm may be called as a witness other than on behalf of his or her client, the lawyer may continue the representation until it is apparent that his or her testimony is or may be prejudicial to the client." D. Conn. L. Civ. R. 83.13(b)(2).

Schiavone opines without support that the plaintiffs must consider Carpenter's testimony prejudicial to their case and in violation of Local Rule 83.13(b)(2), why else would they not call him as a witness themselves? Such a vague and unsupported theory is insufficient to support a claim of prejudice. The plaintiffs nonetheless respond that Carpenter's interpretation of the APA and supporting evidence is consistent with their position in this case and concede they will not be prejudiced should Schiavone call him as a witness.

Even if Local Rule 83.13(a) or (b) required Mayer Brown's disqualification, the court can grant a reprieve under Local Rule 83.13(c). "The court may in the exercise of its sound discretion permit a lawyer to act as an advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness if disqualification of the lawyer would work substantial hardship on the client and permitting the lawyer to act as an advocate would not cause prejudice to opposing parties." D. Conn. L. Civ. R. 83.13(c).

Local Rule 83.13 is a discretionary determination for the court that one party will suffer substantial hardship and the opposing party will not be prejudiced if the challenged law firm's representation continues. Am. Home Assur. Co. v. Ryan (In re Raytech Corp.), 319 B.R. 342, 344-45 (D. Conn. 2005).

Mayer Brown's representation of the plaintiffs related to the property at issue here dates back at least ten years and includes contract negotiations, investigatory work, defense of a civil case and prosecution of an arbitration claim prior to this action. The long, complex and interrelated nature of those proceedings has built a knowledge base in Mayer Brown attorneys that could not be easily, quickly, or inexpensively replicated by substitute counsel. Id. Disqualification of Mayer Brown would work substantial hardship on the plaintiffs.

Schiavone contends that "the slightest incremental weight consciously or unconsciously given to Attorney Carpenter's testimony due to the fact he is a [Mayer Brown] partner" by the court, given there is no jury in this action, could effect the court's final ruling in the plaintiffs' favor, prejudicing Schiavone. [Doc. #35] However, he offers no support for the proposition that the court could be so easily swayed, and no other theories as to why Mayer Brown's continued presence in this action could prejudice Schiavone. The court thus finds no reason why Schiavone would be prejudiced by Mayer Brown attorneys' continued appearance in this action.

Based on the foregoing, the plaintiffs' motion for a determination under Local Rule 83.13 is GRANTED. Mayer Brown's representation of the plaintiffs in this case is not in violation of Local Rule 83.13. It was not known nor obvious at the outset of this action that Carpenter ought to be called as a witness at the probable cause hearing. If Schiavone chooses to call Carpenter as a witness, his

testimony will not be prejudicial to his firm's clients, the plaintiffs.

Forcing the plaintiffs to substitute counsel in light of the long and complex legal history the parties have with the property would work substantial hardship on them. Additionally, allowing Mayer Brown to continue their representation would not cause prejudice to Schiavone. Accordingly, Mayer Brown and their attorneys may continue appearing in this action on behalf of the plaintiffs.

IT IS SO ORDERED.

_____/s/_____

Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: September 13, 2007.